IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD BROWN,

       Petitioner,

vs.                                                                              Case No. 17–cv–058–DRH

T.G. WERLICH,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Reginald Brown, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the Petition, he argues that under the recent decision of the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his sentence under the Armed Career Criminal Act ("ACCA") is unconstitutional. (Doc. 1).

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## The Petition

In his criminal case in this District, *United States v. Brown*, Case No. 10-cr-30165-DRH (Jan. 13, 2012), Petitioner pled guilty, without a plea agreement, to one offense: Unlawful Possession of a Firearm by a Previously Convicted Felon

1

under 18 U.S.C. §§ 922(g)(1), 924(e). (Doc. 38, criminal case). He was sentenced to a term of 180 months, to run concurrently with a previously imposed sentence imposed in Cole County, Missouri in Case No. 09AC-CR03719-01. *Id.* Petitioner was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), based on three prior convictions deemed serious drug offenses: 1) "Sale of a Controlled Substance"; 2) "Distribution of a Controlled Substance"; and 3) "Distribution of a Controlled Substance Near Public Housing (Prior and Persistent Offender)." (Doc. 1, pp. 9, 12). As a result of Petitioner being deemed an armed career criminal, he received the statutory minimum sentence of 180 months. (Doc. 38, criminal case).

Petitioner did not appeal his conviction. He did, however, file a § 2255 petition on December 18, 2015 alleging ineffective assistance of counsel based on a claim that he does not have the prerequisite prior convictions to have been sentenced under the ACCA. (Doc. 1, p. 3). His petition was denied as untimely. *Id.* Petitioner has now filed the present action, pursuant to 28 U.S.C. § 2241, seeking to overturn his sentence. He argues that pursuant to *Mathis*, the statute underlying his prior conviction for "Sale of a Controlled Substance," MO. REV. STAT. § 195.211, is broader than the generic "serious drug offense" under § 924(e)(2)(A) and should therefore not count as a prior offense under the ACCA. (Doc. 1, pp. 9-10).

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District

2

Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases under the "savings clause" of § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id*. See also *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. See *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640

(7th Cir. 2012). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The instant Petition meets the first requirement as *Mathis* is clearly a case of statutory interpretation. *See Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

The Petition also meets the second requirement. As noted above, the Seventh Circuit has indicated that *Mathis* is a substantive rule. *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016). Controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *See Narvaez v. United States,* 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

The Court, however, cannot ascertain whether the third requirement is met. In *Mathis*, the Supreme Court held that Iowa's burglary statute did not qualify as a predicate violent felony under the Armed Career Criminal Act ("ACCA") because it was broader than the "generic" offense of burglary in § 924(e)(2)(B)(ii). Thus, *Mathis* focused on what constitutes a prior violent felony under the ACCA.

4

Petitioner was sentenced under the ACCA due to his prior "serious drug offenses." Further, the "Sale of a Controlled Substance" offense Petitioner specifically cites to seems to parallel the definition of a "serious drug offense" under the ACCA." *Compare* (Doc. 1, p. 9) *with* § 924(e)(2)(A)(ii).

Considering the above, the Court is inclined to find that *Mathis* does not invalidate any of Petitioner's predicate serious drug offenses. If *Mathis* does not invalidate Petitioner's predicate serious drug offenses, there is no grave error constituting a miscarriage of justice and the Petition must be dismissed. However, at this stage in the litigation, the Court finds it prudent to allow Petitioner's claim to proceed. That is, during its initial review, the Court declines to find that Petitioner's *Mathis* claim is without merit. Therefore, the Court **ORDERS** respondent Werlich to file a response to the Petition.

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before April 12, 2017).[1] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: March 14, 2017**

Judge Herndon
2017.03.14
06:00:22 -05'00'

**United States District Judge**